UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x
FREEDOM MORTGAGE
CORPORATION,

                Plaintiff,

      - against -                           **MEMORANDUM AND ORDER**
                                                       19-cv-1410 (RJD) (SJB)

SALVATORE MONTELEONE and
GIOVANNA MONTELEONE,

                Defendants.
------------------------------------------------------- x
DEARIE, District Judge

      Freedom Mortgage Corporation seeks a declaratory judgment in this foreclosure action against Defendants Salvatore and Giovanna Monteleone. In a detailed and well-reasoned report, Magistrate Judge Bulsara recommends I deny Plaintiff's motion. Finding Plaintiff's objections to the R&R meritless, the Court adopts the R&R and denies the motion.

## BACKGROUND

      In 2015, Freedom Mortgage Corporation issued to Salvatore and Giovanna Monteleone a Note and Mortgage encumbering the property located at 50 Barlow Avenue in Staten Island, New York (the "Staten Island Address"). See Compl., ECF No. 1, ¶¶ 1, 8-9. The Mortgage listed the Montelones' residence as 1255 77th Street in Brooklyn, New York (the "Brooklyn Address"). See ECF No. 1-3 at 7.

      Plaintiff initiated this action in March 2019 after Defendants failed to make payments due under the Note. See Compl. ¶¶ 10-11. On April 9, 2019, Giovanna Monteleone was served by a process server in person at the Staten Island Address. ECF No. 7. The same day, Plaintiff attempted to serve Salvatore Monteleone by leaving a copy of the summons and complaint with Giovanna at the Staten Island Address. ECF No. 8.

The Montelones failed to appear and did not answer the complaint, so the Clerk of Court filed entries of default as to both Defendants. ECF No. 11. After this matter was stayed for approximately two years pending resolution of a related case by the Second Circuit, see ECF No. 20, Plaintiff filed the present motion for default judgment, see ECF No. 27. I referred the motion to Judge Bulsara, who issued an Order to Show Cause why the motion should not be denied in light of several identified deficiencies. See ECF No. 32. Judge Bulsara reviewed Plaintiff's brief in response to the Order to Show Cause, see ECF No. 33, and, finding Plaintiff's explanations insufficient, issued the R&R recommending denial of the motion on June 26, 2022, see R&R, ECF No. 34. Plaintiff timely filed its objections on July 8, 2022. See ECF No. 35.

## DISCUSSION

After receiving a R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court shall review *de novo* those portions of the report to which a proper objection is made. FED. R. CIV. P. 72(b)(3). However, Plaintiff's objection brief does not raise new arguments addressed to the R&R; rather, as Plaintiff acknowledges, its "arguments in objection to the [R&R] are identical to those presented in [its] May 16, 2022 Memorandum of Law in response to the Order to Show Cause." ECF No. 35 at 2. Because Plaintiff's objections merely repeat the original arguments presented to the magistrate judge, I should review the objections for clear error. See, e.g., Chime v. Peak Sec. Plus, Inc., 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015) (applying clear error review because objections to the R&R "merely recite[d] the same arguments presented to [the magistrate judge]") (cleaned up); Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed . . . arguments does not constitute an adequate objection under [Rule 72].").

Recently, the Second Circuit expressed "skeptic[ism]" as to the appropriateness of the clear error standard when the only way the only way for a party to raise an argument against an R&R is to reiterate the argument. See Moss v. Colvin, 845 F.3d 516, 519 n.2 (2d Cir. 2017). However, since the Moss court concluded that Moss's objections to the R&R failed even on *de novo* review, the court did "not resolve which standard of review applie[d] to this objection," making its skepticism as to the clear error standard dicta. Id. In any event, because Judge Bulsara's R&R withstands *de novo* scrutiny, any ambiguity as to the standard of review does not affect my conclusion here.

Judge Bulsara recommends denial of Plaintiff's motion for default judgment for three independent reasons: (1) Salvatore was not properly served with process at the initiation of the lawsuit; (2) Salvatore and Giovanna were not properly served with this motion and supporting documents; and (3) Plaintiff failed to mail a required notice of foreclosure to Salvatore at his last known address and failed to prove that it mailed this notice to either defendant. Reviewed *de novo*, the Court agrees with Judge Bulsara as to all three issues and adopts the R&R in full, and without modification or qualification.

Plaintiff's motion for default judgment is denied. The Clerk of Court is directed to terminate the entries of default against Salvatore and Giovanna Monteleone at ECF No. 11.

SO ORDERED.

Dated: Brooklyn, NY  /s/ Raymond J. Dearie
      September 15, 2022  RAYMOND J. DEARIE
        United States District Judge