UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FREEDOM MORTGAGE CORPORATION,

                              Plaintiff,                  **REPORT AND**
                                                                           **RECOMMENDATION**
       -against-                                      19-CV-1410-FB-SJB

SALVATORE MONTELEONE and GIOVANNA
MONTELEONE,

                              Defendants.
-----------------------------------------------------------------X
**BULSARA, United States Magistrate Judge:**

       Freedom Mortgage Corporation ("Freedom Mortgage" or "Plaintiff") first brought this foreclosure action against Salvatore Monteleone ("Salvatore") and Giovanna Monteleone ("Giovanna," and together, "the Monteleones" or "Defendants") on March 12, 2019. (Compl. dated Mar. 12, 2019 ("Compl."), Dkt. No. 1). Freedom Mortgage, for the third time, moves for default judgment. And unfortunately, yet again, the Court is forced to recommend the motion be denied.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

       On August 31, 2015, Defendants executed a "Note" with Freedom Mortgage and a "Mortgage" with Mortgage Electronic Registration Systems, Inc. ("MERS"), as mortgagee, encumbering 50 Barlow Avenue, Staten Island, New York, 10308 (the "Subject Property"), in the principal amount of $205,000. (Compl. ¶¶ 1, 8–9; Note dated Aug. 31, 2015 ("Note"), attached as Ex. B to Decl. of Tracy M. Fourtner in Supp. of Mot. for Default J. ("Fourtner Decl."), Dkt. No. 52-2 at 6–8; Mortgage dated Sept. 4, 2015 ("Mortgage"), attached as Ex. B to Fourtner Decl., Dkt. No. 52-2 at 10–21). MERS subsequently assigned the Mortgage to Freedom Mortgage. (Assignment dated Mar. 15, 2019, attached as Ex. B to Fourtner Decl., Dkt. No. 52-2 at 23–24).

The Monteleones failed to make a payment on June 1, 2018 and have failed to make subsequent payments, as required by the Mortgage terms. (Compl. ¶ 10). On November 16, 2018, Freedom Mortgage sent notices of default to Salvatore at the Subject Property, and to Giovanna at the Subject Property and to the address listed on the Mortgage, 1255 77th Street, Brooklyn, NY 11228 (the "Brooklyn Address"). (Notices of Default dated Nov. 16, 2018, attached as Ex. B to Fourtner Decl., Dkt. No. 52-2 at 123–34). On November 18, 2018, Freedom Mortgage sent 90-day notices to Salvatore at the Subject Property, and to Giovanna at the Subject Property and the Brooklyn Address. (90 Day Notices ("90 Day Notices"), attached as Ex. B to Fourtner Decl., Dkt. No. 52-2 at 59–118). The Complaint seeks foreclosure of the Mortgage on the Subject Property. (Compl. ¶ 1).

Defendants failed to appear, answer, or otherwise respond to the Complaint. On June 27, 2022, the undersigned issued a report and recommendation ("June 2022 R&R"), recommending denial of Freedom Mortgage's motion for default judgment because it failed to serve numerous documents at Defendants' last known address, which was then identified as the Brooklyn Address. *Freedom Mortg. Corp. v. Monteleone*, No. 19-CV-1410, 2022 U.S. Dist. LEXIS 113465, at *1 (E.D.N.Y. June 27, 2022), *report and recommendation adopted*, 628 F. Supp. 3d 455, 457 (2022). The Honorable Raymond J. Dearie adopted the June 2022 R&R in full and directed the Clerk of Court to terminate the entries of default against both defendants. *Freedom Mortg. Corp. v. Monteleone*, 628 F. Supp. 3d 455, 457–58 (E.D.N.Y. 2022). After Freedom Mortgage filed a renewed motion for default judgment on December 19, 2022, (*see* Dkt. No. 40), the undersigned issued another R&R on June 16, 2023 ("June 2023 R&R"), again recommending denial of the motion because Freedom Mortgage failed to

2

obtain new entries of default from the Clerk and failed to cure other deficiencies identified in the June 2022 R&R, including proper service of the summons and Complaint. *Freedom Mortg. Corp. v. Monteleone*, No. 19-CV-1410, 2023 WL 4397222, at *1–*3 (E.D.N.Y. June 16, 2023). Following the June 2023 R&R, Freedom Mortgage withdrew its renewed motion. (Letter Req. Withdrawal of Mot. dated June 29, 2023, Dkt. No. 45; Order dated June 29, 2023).

Freedom Mortgage re-served Defendants,[1] (Summons Returned Executed dated Aug. 7, 2023 ("Aug. Summons Returned Executed"), Dkt. No. 46), requested certificates of default, (Req. for Cert. of Default dated Aug. 9, 2023, Dkt. No. 47), and the Clerk of Court entered default against Salvatore and Giovanna Monteleone again on August 15, 2023. (Clerk's Entry of Default dated Aug. 15, 2023 ("Clerk's Entry of Default"), Dkt. No. 48). The Court set a deadline for Freedom Mortgage to file a renewed motion for default judgment, which it did on November 3, 2023. (Mot. for Default J. dated Nov. 3, 2023 ("2023 Default J. Mot."), Dkt. No. 50).

Freedom Mortgage has cured the deficiencies identified by the Court in both the 2022 and 2023 R&Rs.

*First*, Freedom Mortgage has properly served the summons and Complaint on both Salvatore and Giovanna at the Subject Property, which has now been identified by

---

[1] Giovanna was personally re-served with a summons and Complaint on July 17, 2023 at the Subject Property, and service was attempted at the Brooklyn Address on July 7, 2023, but the process server was informed that a new owner had purchased the Brooklyn Address from the Monteleones eight years prior. (Aug. Summons Returned Executed at 1, 3; Fourtner Decl. ¶ 15). Salvatore was also re-served at the Subject Property on July 17, 2023. (Aug. Summons Returned Executed at 4, 6).

3

Freedom Mortgage as their only last known address. (Aug. Summons Returned Executed; Fourtner Decl. ¶¶ 14–15).

*Second*, Freedom Mortgage properly served the motion for default and related papers on Defendants. Freedom Mortgage provides proof that it served the Notice of Motion for Default Judgement, Declaration in Support, Memorandum of Law, and proposed Default Judgment and supporting documentation on Defendants on the Subject Property on November 3, 2023. (Aff. of Service of Default. J. Mot. Papers, Dkt. No. 53).

*Third*, Freedom Mortgage has complied with section 1304 of the RPAPL, which requires that borrowers be sent 90-day notices "by registered or certified mail and also by first-class mail to the last known address of the borrower, and . . . to the residence that is the subject of the mortgage" before a lender, assignee or mortgage lender servicer can commence a foreclosure action. RPAPL § 1304(2). The 90-day notices were served on both Defendants at the Subject Property. (90 Day Notices at 59–68, 79–89).

*Fourth*, Freedom Mortgage has shown proof of mailing in compliance with RPAPL § 1304, which it had previously failed to do. *Monteleone*, 2022 U.S. Dist. LEXIS 113465, at *13–*16. Proof of mailing can be established with "proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure." *CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 533 (2d Cir. 2020) (quotations omitted). The affidavits of both Charles Lemon and Mia Carter detail Freedom Mortgage's process for ensuring the notices are properly addressed and mailed, and they aver that the notices were sent on November 23, 2018 by certified and first class mail through the United States Postal Service to the Subject Property. (Aff. of Charles Lemon dated Oct. 6, 2023, attached as

4

Ex. B to Fourtner Decl., Dkt. No. 15-2 at 1–4, ¶¶ 3, 9; Aff. of Mia Carter dated Oct. 20, 2023, attached as Ex. C to Fourtner Decl., Dkt. No. 15-3 at 1–4, ¶¶ 6–10).

              \*                  \*                  \*                  \*

Though Freedom Mortgage has cured the deficiencies identified in the previous R&Rs, Freedom Mortgage has failed to establish its compliance RPAPL § 1331, which "requires that plaintiff file a notice of pendency of the action, as well as a copy of the complaint, unless it has already been filed in that county." *Freedom Mortg. Corp. v. Abass*, No. 22-CV-5577, 2024 WL 1531096, at *5 (E.D.N.Y. Feb. 22, 2024) (citing RPAPL §§ 1331, 6511(a)). The Fourtner Declaration states that Freedom Mortgage filed a notice of pendency in the Richmond County Clerk's Office and attached a copy of the notice and a copy of the re-filed notice. (Fourtner Decl. ¶ 5; Notice of Pendency dated Mar. 4, 2019, Dkt. No. 52-1; Notice of Pendency dated Feb. 22, 2022, Dkt. No. 52-4). The declaration does not state, however, that Plaintiff included a copy of the Complaint with either notice of pendency. The notice of pendency filed on March 4, 2019, could *not* have included a copy of the Complaint, because the action had not been filed in this Court. (*See* Compl. dated Mar. 12, 2019, Dkt. No. 1).[2] The notice was re-filed on February 22, 2022, but it does not include a copy of the Complaint. (Notice of Pendency dated Feb. 22, 2022, Dkt. No. 52-4).

---

[2] Plaintiff's memorandum of law states that it filed the Complaint and notice of pendency on March 19, 2019. (Pl.'s Mem. of Law in Supp. of Mot. for Default J., Dkt. No. 51 at 3). However, the attached notice indicated it was filed on March 4, 2019. (Notice of Pendency dated Mar. 4, 2019, Dkt. No. 52-1).

A notice of pendency:

> alerts future buyers or interest holders of a prior claim. Because a notice of pendency is one of the few provisional remedies that permits a party to restrain the alienation of real property without any prior judicial review, it has been described as a powerful tool to a plaintiff and an extraordinary privilege. That being so, to counterbalance the ease with which a party may hinder another's right to transfer property, the New York Court of Appeals has required strict compliance with the statutory procedural requirements.

*Nationstar Mortg. LLC v. Nedza*, 315 F. Supp. 3d 707, 710–11 (W.D.N.Y. 2018) (quotations and alterations omitted). As such, "[f]ailure to file the complaint with the notice of pendency renders the notice of pendency defective," and is an "independent reason why the Court must deny [plaintiff's] motion for default judgment." *Wilmington Sav. Fund Soc'y, FSB ex rel. Aspen Holdings Tr. v. Fernandez*, No. 22-CV-6474, 2024 WL 219092, at *6 (E.D.N.Y. Jan. 22, 2024); *see Abass*, 2024 WL 1531096, at *5 (finding failure to demonstrate a copy of the complaint was filed with the notice of pendency independent basis to deny motion for default judgement); *Nedza*, 315 F. Supp. 3d at 710 (denying motion for default judgment for failure to file a procedurally compliant notice of pendency).[3]

These cases make clear that RPAPL § 1331 is not a requirement that can be waived. *See Nedza*, 315 F. Supp. 3d at 710. Freedom Mortgage should cure its notice of pendency and then renew its motion for default judgment. (The cured notice of pendency would have to be served on the Defendants). But Freedom Mortgage does not

---

[3] In *Freedom Mortgage Corp. v. Abass*, No. 22-CV-5577, 2024 WL 1531096 (E.D.N.Y. Feb. 22, 2024), Freedom Mortgage did not object to the denial on the basis of failure to comply with section 1331 and withdrew its motion. (*See* Letter Req. Withdrawal of Pending Mot. for Default J., Case No. 22-CV-5577, Dkt. No. 30; Order dated Mar. 1, 2024). Nor did it move for reconsideration in *Freedom Mortg. Corp. v. Thomas*, 23-CV-6339, 2024 WL 2808369 (W.D.N.Y. June 3, 2024), in which the court denied Freedom Mortgage's motion on the same grounds. *See id.* at *3.

need to reserve the Complaint, Summons, or seek renewed defaults from the Clerk. Service of those documents—and the subsequent default—remain valid. However, a new motion for default judgment will be required, and that motion must comply with the new Local Rules, effective July 1, 2024.

## CONCLUSION

The Court, therefore, respectfully recommends that the motion for default judgment be denied.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report. Failure to file objections within the specified time may waive the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[] [judge's] report operates as a waiver of any further judicial review of the magistrate[] [judge's] decision." (quotations omitted)).

Plaintiffs are directed to serve a copy of this Report and Recommendation on Defendants and file proof of such service on the docket.

SO ORDERED.

*/s/ Sanket J. Bulsara*  August 19, 2024
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

7