UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREEDOM MORTGAGE CORPORATION,<br><br>      Plaintiff,<br><br>-against-<br><br>SALVATORE MONTELEONE and GIOVANNA MONTELEONE,<br><br>      Defendants. | **MEMORANDUM AND ORDER**<br>Case No. 19-CV-1410-FB-SJB |

*Appearances:*
*For the Plaintiff:*
TRACY M. FOURTNER
STEPHEN J. VARGAS
Gross Polowy, LLC
900 Merchants Concourse, Suite 201
Westbury, New York 11590

**BLOCK, Senior District Judge:**

  On March 12, 2019, Plaintiff Freedom Mortgage Corporation ("Plaintiff") commenced this action, seeking to foreclose a mortgage issued to Defendants Salvatore and Giovanna Monteleone (collectively, "Defendants") encumbering property located at 50 Barlow Avenue in Staten Island, New York (the "Subject Property"). Plaintiff alleged that Defendants had failed to make payments required on the note accompanying the mortgage, and brought a foreclosure action pursuant to New York Real Property Actions and Proceeding Law ("RPAPL") Article 13.

1

Plaintiff attempted service on April 9, 2019, after which Defendants failed to appear and did not answer the complaint. The Clerk of Court filed entries of default as to both Defendants on May 9, 2019, and Plaintiff for the first time moved for default judgment on July 29, 2019. However, upon the report and recommendation of Magistrate Judge Sanket Bulsara, Judge Raymond Dearie terminated the entries of default against the Defendant on September 15, 2022, finding that they had not been properly served or provided notice of foreclosure.

On December 19, 2022, Plaintiff again moved for default judgment. On June 16, 2023, Magistrate Bulsara again recommended the motion be denied because Plaintiff had failed to obtain a renewed entry of default and because Plaintiff had failed to properly re-serve the Defendants. On June 29, 2023, this Court then approved Plaintiff's request to withdraw its motion so that it could properly re-serve.

Plaintiff then filed the present motion for default judgment on November 3, 2023, after curing the deficiencies identified in the earlier R&Rs of Magistrate Bulsara, including by re-serving Defendants at the Subject Property. Nevertheless, Magistrate Bulsara recommended that the Court deny Plaintiff's motion on the grounds that Plaintiff had failed to establish compliance with RPAPL § 1331, which "requires that plaintiff file a notice of pendency of the action, as well as a copy of the complaint, unless it has already been filed in that county."

2

Although a declaration filed in support of Plaintiff's current motion stated that a notice of pendency had twice been filed in the Richmond County Clerk's Office, neither notice included a copy of the complaint in this case. A first notice of pendency filed on March 4, 2019, was filed prior to the commencement of this action, while a second notice of pendency did not include a copy of the complaint. Because the failure to file a complaint alongside the notice of pendency is an independent reason for denying a motion for default judgment, Magistrate Bulsara recommended that the present motion for default judgment be denied. Instead, Magistrate Bulsara recommended that Plaintiff should cure its notice of pendency, serve the cured notice on Defendants, and make a renewed motion for default judgment.

**Plaintiff's Objections**

District courts "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). A party wishing to object may serve and file "specific written objections" to the proposed findings and recommendations within 14 days. FED. R. CIV. P. 72(b)(2). The Second Circuit has interpreted this language, and the requirement of specificity, "to mean that '[m]erely referring the court to previously filed papers or arguments does not constitute an adequate objection[.]'" *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) (quoting *Mario v. P & C Food Mkts.*, 313 F.3d 758,

766 (2d Cir. 2002)).

Plaintiff has timely filed a response to the R&R stating that, contrary to the R&R, it has complied with RPAPL § 1331. Firstly, Plaintiff asserts it has already provided proof of compliance to the court, pointing to documents included as attachments to documents previously filed at ECF Nos. 16, 29, and 42. However, merely referring the Court to previously filed papers in this manner is not an adequate objection. Furthermore, each of the attached documents to which the Court's attention is directed is a copy of a notice of pendency dated March 4, 2019, which Magistrate Bulsara considered in his R&R.

Additionally, Plaintiff has attached to its response to the R&R an additional copy of a notice of pendency, summons, and complaint, which Plaintiff's counsel declares was filed with the Richmond County Clerk's office on March 19, 2019. However, this notice of pendency is *also* dated March 4, 2019, and appears to be identical to the prior copies previously filed with this Court and considered by Magistrate Bulsara. Plaintiff has also attached another copy of a notice of pendency, summons, and the first page of the complaint in this action. Aside from an "unofficial" stamp from the Richmond County Clerk's office dated Feb. 11, 2020, this additional copy of these documents appears to be in all other respects identical to the other copies Plaintiff has previously filed in this action and/or

4

attached to its objection. The notice of pendency among these documents is, like all others, dated March 4, 2019.

Even if these attachments did more than refer to previously filed papers or arguments, they would still not constitute valid objections, as district courts in this circuit "will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 934 F. Supp. 3d 465, 480 (S.D.N.Y. 2019). Indeed, such arguments "may not be deemed objections at all." *Piligian v. Icahn Sch. of Med. at Mt. Sinai*, 490 F. Supp. 3d 707, 717 (S.D.N.Y. 2020) (citation omitted).

Plaintiff's purported objections do no more than restate and assert that the Plaintiff has complied with RPAPL § 1331 and that proof of compliance has been filed with the Court. This is not a sufficiently specific objection to the R&R to trigger *de novo* review. Rather, Plaintiff simply repeats prior assertions and directs the Court's attention to documents previously filed and reviewed by Magistrate Bulsara. Additionally, Plaintiff's attachment of additional documents (which incidentally appear to substantially replicate previously filed documents) that could have been provided in support of an argument made prior to the R&R are not to be considered. Because Plaintiff has not adequately objected to the R&R, the Court reviews it for clear error. *See Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 52

(E.D.N.Y. 2008) ("When a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [R&R] only for clear error." (cleaned up)).

No error, plain or otherwise, appears on the face of the R&R, and the Court thus adopts it without *de novo* review. Plaintiff's motion for default judgment is dismissed without prejudice and with leave to renew once Plaintiff has cured its notice of pendency such that it complies with RPAPL § 1331, which requires Plaintiff to file a notice of pendency, along with a copy of the complaint. The cured notice of pendency would have to be served on the Defendants prior to Plaintiff's renewal of a motion for default judgment, but Plaintiff need not re-serve the complaint or summons, nor seek renewed default from the Clerk.

**SO ORDERED.**

                                                                             _/S/ Frederic Block_____
                                                                             FREDERIC BLOCK
                                                                             Senior United States District Judge

Brooklyn, New York
September 16, 2024